UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0638 AG (E) | Date | June 30, 2015 |
|---|---|---|---|
| Title | KAY BURDEN v. BAR LOUIE ANAHEIM, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER DENYING MOTION TO REMAND**

Plaintiff Kay Burden ("Plaintiff") filed this slip-and-fall case against Defendant Bar Louie Anaheim ("Defendant") in state court. Defendant removed the case to this Court claiming diversity jurisdiction. (Notice of Removal, "NOR," Dkt. No. 1.) Before the Court is Plaintiff's Motion to Remand arguing that removal was untimely and that Defendant failed to establish diversity jurisdiction. ("Motion," Dkt. No. 10.) The Motion is DENIED.

**LEGAL STANDARD**

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

The procedure for removal is set forth in 28 U.S.C. § 1446, which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0638 AG (E) | Date | June 30, 2015 |
|---|---|---|---|
| Title | KAY BURDEN v. BAR LOUIE ANAHEIM, INC. | | |

or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial proceeding has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Section 1446(b)(3) allows that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable."

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## ANALYSIS

Plaintiff argues that the Court should remand this case because removal was untimely and diversity jurisdiction has not been established. The Court disagrees.

### 1. Timeliness of Removal

Defendant did not remove the case within 30 days of receiving the complaint, but rather within 30 days of receiving a Statement of Damages where Plaintiff states her intent to seek over $1,000,000 in damages in this slip-and-fall case. As stated, a defendant must file a notice of removal within 30 days of receiving the initial complaint or, if the complaint does not establish federal jurisdiction, within 30 days of receiving the first paper establishing that the case is removable. 28 U.S.C. § 1446(b). Here, the complaint omits the amount of damages sought by Plaintiff. Thus Defendant could not remove the case to federal court based merely on the allegations in the complaint. Nevertheless, Plaintiff argues that even before the Statement of Damages Defendant "had plenty of facts upon which the value of Plaintiff's case could have been determined." But Plaintiff doesn't present any such documentation that would have sufficiently supported removal. Therefore, the Court declines to remand the case on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0638 AG (E) | Date | June 30, 2015 |
|---|---|---|---|
| Title | KAY BURDEN v. BAR LOUIE ANAHEIM, INC. | | |

### 2. Diversity of Citizenship

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. A corporation like Defendant is a citizen of both the state where it is incorporated and the state where it has its principal place of business. *Id.* In determining a corporation's principal place of business, courts apply the "nerve center test," looking not to where the corporation does the most business, but rather to where the corporation's "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). Plaintiff admits that Defendant is incorporated in Illinois, but argues that Defendant's principal place of business is in California. Based on the evidence now before the Court, the Court is unpersuaded.

Plaintiff produces no convincing evidence to contradict Defendant's sworn declaration that its corporate headquarters are in Illinois. (DeWarr Decl., Dkt. No. 12, ¶ 4.) Instead, Plaintiff makes various unsupported arguments, each insufficient to rebut Defendant's assertion. For instance, Plaintiff says "with [Defendant's] only source of business coming from its restaurant operations in California, this would seem to support the view that Defendant's principal place of business was in California." (Motion at 10:20-23.) But this misstates the nerve center test. Plaintiff then says "[i]f the Corporation continues to exist but conducts no business here in California which appeared to be the primary reason for the Corporation's existence, then it stands to reason that this Corporation is either defunct or no longer active." (Motion at 11:1-4.) But Plaintiff fails to produce persuasive evidence on this point.

### DISPOSITION

Plaintiff's Motion is DENIED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |